**Ruth Jean STUCKY, and Kenneth R. Stucky, Plaintiffs,**

v.

**HEALTH CARE PRODUCTS, INC., d/b/a Anderson Pharmacals, et al., Defendants.**

Civ. A. No. 90–1562–B.

United States District Court, D. Kansas.

July 29, 1992.

Andrew W. Hutton, Michaud, Hutton & Bradshaw, Wichita, Kan., for plaintiffs.

**1070**

Terry L. Unruh, Grace, Unruh & Pratt, Alan L. Rupe, Alan L. Rupe Law Offices, P.A., James Z. Hernandez, Woodard, Blaylock, Hernandez, Pilgreen & Roth, Wichita, Kan., Kevin H. Graham, Shumaker, Loop & Kendrick, Tampa, Fla., Don D. Gribble, II, Kahrs, Nelson, Fanning, Hite & Kellogg, Bryce A. Abbott, Wallace, Saunders, Austin, Brown & Enochs, Wichita, Kan., for defendants.

## ORDER

BELOT, District Judge.

This case comes before the court on defendants Barbara W. Larkins, Elbert Carl Anderson, Jr., and Carl Anderson's motion for summary judgment (Doc. 96), pursuant to Fed.R.Civ.P. 56. These defendants are officers, directors, and shareholders of Health Care Products, Inc. (HCP), which marketed the dietary supplement Cal–Ban 3000.

■ Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Entry of summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who 'fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Aldrich Enters., Inc. v. United States,* 938 F.2d 1134, 1138 (10th Cir.1991) (quoting *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Summary judg-

ment is inappropriate, however, if there is sufficient evidence on which a trier of fact could reasonably find for the nonmoving party. *Prenalta Corp. v. Colorado Interstate Gas Co.,* 944 F.2d 677, 684 (10th Cir.1991).

■ The defendants' motion is in substance merely a reprise of their motion to dismiss which the court previously denied. Their argument is that HCP, not the individual defendants, was the seller of Cal–Ban 3000. In Kansas, the corporate entity may be disregarded and liability imposed on individuals who use a corporation to conduct their own personal business. *Sampson v. Hunt,* 233 Kan. 572, 579, 665 P.2d 743 (1983). A disputed question of fact exists as to whether the court is justified in disregarding the corporate entity. Thus, summary judgment is not appropriate on plaintiffs' claims with one exception.

■ In the complaint, Kenneth Stucky individually seeks damages for loss of consortium. Under Kansas law, the right to recover for loss of consortium vests in the spouse who files an action for personal injuries, not in the spouse who actually suffers the loss of consortium. K.S.A. 23–205; *McGuire v. Sifers,* 235 Kan. 368, 385, 681 P.2d 1025 (1984). Accordingly, summary judgment is granted to defendants on Kenneth Stucky's claim for loss of consortium.

IT IS SO ORDERED.